[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14906
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 3, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00036-CR-RDP-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KATISHA BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 3, 2008)

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Katisha Brown appeals the sentences[1] imposed pursuant to her guilty pleas on the following charges: (1) conspiracy to make and present false claims to the Internal Revenue Service ("IRS") and to commit bank fraud, 18 U.S.C. §§ 371 and 2 (Count 1); (2) aiding and abetting falsely made and presented claims to the IRS, 18 U.S.C. §§ 287 and 2 (Count 11); and (3) aiding and abetting bank fraud, 18 U.S.C. §§ 1344 and 2, (Count 25).  On appeal, Brown argues that the district court erroneously applied a ten-level enhancement to her guidelines offense level.  U.S. SENTENCING GUIDELINES MANUAL § 2B1.1(b)(1)(F) (2007).  Brown also argues that the court erroneously failed to apply a two-level minor participant reduction. § 3B1.2(b).  Brown further argues that the district court improperly enhanced her sentences based on facts that were neither admitted by Brown nor found beyond a reasonable doubt.  We affirm.

## BACKGROUND

Brown's codefendant Al Morton, Jr., owned and operated Taxx Enterprises, a commercial tax return preparer that participated in a Refund Anticipated Loan ("RAL") program with Bank One.  Morton enlisted individuals with valid social security numbers who had not already filed their tax returns.  He created false tax returns on their behalf.  Morton used the false returns to secure RAL checks from

---

[1]As to Counts 1, 11, and 25, the district court sentenced Brown to eighteen months, concurrent, incarceration.

2

Bank One, which were payable to the taxpayer and from which Taxx Enterprises received a fee. He also enlisted recruiters, who received a commission for bringing individuals into the scheme. Morton, the recruiter, and the taxpayer would split the RAL proceeds check issued to the taxpayer.

Brown was recruited into the scheme by codefendant Queshawndra Randolph. Brown filed her own false tax return. She also recruited other individuals into the scheme. From the date that Brown joined the conspiracy, twenty-seven total false returns were filed seeking approximately $156,368 in refunds.

### DISCUSSION

"This Court reviews a District Court's interpretation of the Sentencing Guidelines *de novo*, and its factual findings for clear error." *United States v. Vance,* 494 F.3d 985, 994 (11th Cir. 2007). Even "[a]fter . . . *Booker*[2] and *Gall*,[3] the district courts are still required to correctly calculate the advisory Guidelines range." *United States v. Livesay*, 525 F.3d 1081, 1089 (11th Cir. 2008). "[W]hen a district court applies the guidelines in an advisory manner, nothing in [*Booker*] prohibits the district court from imposing guidelines enhancements based on facts

---

[2] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

[3] *Gall v. United States*, 552 U.S. ___, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007).

found by the judge by a preponderance of the evidence." *United States v. Douglas*, 489 F.3d 1117, 1129 (11th Cir. 2007) (per curiam) (citations omitted), *cert. denied*, ___ U.S. ___, 128 S. Ct. 1875, 170 L. Ed. 2d 752 (2008).

Moreover, "it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) (citation and quotation marks omitted). Thus, we have affirmed a defendant's sentence without addressing the defendant's argument that the district court miscalculated the amount of loss for purposes of the § 2B1.1(b) enhancement where the district court stated that it would have imposed the same sentence regardless of such calculations. *See, e.g.*, *United States v. Tampas*, 493 F.3d 1291, 1305 (11th Cir. 2007) ("[W]here the district court would have imposed the same sentence regardless of the Guidelines' recommendations on the amount of loss, any error in its loss calculation is harmless.").

Here, Brown challenges only the district court's guidelines calculations. The district court stated that Brown's sentences would have been the same if the court had calculated the guidelines differently. The court recognized that the guidelines were advisory, stated that the sentences complied with the statutory factors, and sentenced Brown within the applicable statutory range. Accordingly,

4

the court did not err in enhancing Brown's offense level based on facts that it found by a preponderance of the evidence. And because the court would have imposed the same sentences regardless of the guideline calculations, any error in the district court's guidelines calculations was harmless.

## CONCLUSION

After carefully reviewing the record and the parties' briefs, we discern no reversible error. We affirm Brown's sentences.

**AFFIRMED.**